CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
OCT - 3 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| SAMUEL A. MARVIN, | ) | Civil Action No. 7:11-cv-00465 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

Samuel A. Marvin, a Virginia inmate proceeding pro se, filed a motion to appoint counsel to help him prepare a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. When the court first received his motion, it properly returned the documents to him, with a form § 2254 petition, because no action existed for which the court could appoint him counsel; the court declined to construe the documents as a § 2254 petition because petitioner clearly stated he did not yet intend to file the petition. Petitioner refiled the documents, insisting that he receive an appointment of counsel to help him prepare his § 2254 petition. Petitioner cites as support 28 U.S.C. § 3006A and "Rule 8(c)" and "Rule 6."

"A civil action is commenced by filing a complaint." Fed. R. Civ. P. 3 "The Federal Rules of Civil Procedure apply in the context of habeas suits to the extent that they are not inconsistent with the Habeas Corpus Rules." See 28 U.S.C. § 2254 Rule 11; Fed. Rule Civ. Proc. 81(a)(2); Pitchess v. Davis, 421 U.S. 482, 489 (1975) (per curiam). "The logical conclusion, therefore, is that a habeas suit begins with the filing of an application for habeas corpus relief -- the equivalent of a complaint in an ordinary civil case." Woodford v. Garceau, 538 U.S. 202, 208 (2003). Accordingly, I have jurisdiction to entertain a motion to appoint counsel in a 28 U.S.C. § 2254 action only after a petitioner files the actual § 2254 petition.

Despite receiving at least one form § 2254 motion, petitioner has not yet commenced a

habeas action by filing a signed petition. Without filing that petition, petitioner has not commenced an action by which I may exercise the limited jurisdiction circumscribed by Congress. Petitioner's citations to Rules 8 and 6, assuming to be from the Rules Governing § 2254 Cases, apply to events after a petition is filed and a respondent has answered it. Furthermore, petitioner failed to document his indigency as required by 28 U.S.C. § 1915. Accordingly, I may not appoint petitioner counsel to assist him in drafting a habeas petition, his motions are denied, and the action is struck from the active docket.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner.

**ENTER:** This 3rd day of October, 2011.

Senior United States District Judge